

# Fourth Court of Appeals
## San Antonio, Texas

September 17, 2014

No. 04-14-00630-CV

Rowland J. **MARTIN**,
Appellant

v.

**BEXAR COUNTY**, City of San Antonio and San Antonio Independent School District,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-19099
Honorable John D. Gabriel, Jr., Judge Presiding

# O R D E R

This order is filed in response to "Appellant's Advisory to the Court and Motion for Docketing Statement with Leave to Proceed with Motion for Findings of Fact and Conclusions of Law," which was filed in this court on September 4, 2014.

Based on the document filed by appellant, it appears he is appealing an order granting a motion to dismiss filed by appellees Bexar County, City of San Antonio, and San Antonio Independent School District signed May 13, 2014. It does not appear appellant timely filed a motion that extended the time for perfecting an appeal. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due June 12, 2014, or a motion for extension of time to file the notice of appeal was due fifteen days later on June 27, 2014. *See* TEX. R. APP. P. 26.1, 26.3. It does not appear appellant filed a timely notice of appeal or a motion for extension of time to file the notice of appeal. However, on September 3, 2014, appellant filed what he indicates is an "amended" notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.*

We therefore **order** appellant to file in this court, on or before **October 17, 2014**, a written response showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(a), (c). If a supplemental clerk's record is required, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

As to appellant's "Advisory," we cannot discern exactly what relief it is appellant is requesting from this court. It seems as if he might be asking us to revest the trial court with jurisdiction in order to prepare findings of fact and conclusions of law, which we may not do. Accordingly, we **DENY** appellant's request for relief contained in the "Appellant's Advisory to the Court and Motion for Docketing Statement with Leave to Proceed with Motion for Findings of Fact and Conclusions of Law."

**All appellate deadlines are stayed until reinstated by this court.** We **order** the clerk of this court to serve a copy of this order on appellant, all counsel, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of September, 2014.

_____
Keith E. Hottle
Clerk of Court